CONLAN, J. This is an appeal from a judgment entered on a verdict of a jury. The action was brought to recover commissions earned by the plaintiff as a salesman of real estate for the defendant. Judgment was entered on the 11th day of June, 1898. The case was tried before Mr. Justice Schuchman and a jury on the 16th and 17th days of June, 1898. The defense was that the plaintiff was not employed by the defendant, but by one Hewitt, who had no authority to employ the plaintiff for the defendant's company; and that Hewitt employed the plaintiff expressly as his servant, and not as the servant of the company. At the close of the testimony no motion was made to dismiss the complaint, or to direct a verdict for the defendant. This must be taken as an admission on the part of the defendant that there was evidence on which a jury could find for the plaintiff, and precludes it from saying that the verdict is without evidence to support it. Steinau v. Scheuer, 15 App. Div. 5, 43 N. Y. Supp. 1112; Peake v. Bell, 7 Hun, 454. Again, the appeal is from the judgment only, there being no appeal from the order denying the motion for the new trial. The facts were not brought up for review. Boos v. Insurance Co., 64 N. Y. 236. We have examined the exceptions taken by the defendant to the exclusion and admission of evidence on the trial, but find no error that calls for reversal of the judgment.

Judgment affirmed, with costs. All concur.

---

### SWIFT et al. v. McNAMARA et al.

(City Court of New York, General Term. November 19, 1898.)

PARTNERSHIP—EVIDENCE.

    A verdict on conflicting evidence, finding defendants, two brothers named M., liable as partners, will not be disturbed, there being evidence that plaintiffs charged and billed goods to them in the name of M. Bros., and gave receipts in the same style, whenever either made payments, without objection or remonstrance, and that the sign "M. Bros," was on the window of one of their stores, and on a wagon which called for goods for said store.

Appeal from trial term.

Action by Gustavus F. Swift and another against Matthew McNamara and another. From a judgment for plaintiffs, and an order denying a new trial, defendant Michael McNamara appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Henry M. Heyman, for appellant.

Edward Swann, for respondents.

CONLAN, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The single question submitted to the jury in this case was as to whether or not there was a co-partnership between the defendants, and the jury determined that affirmatively on all the evidence. The defendant Michael McNamara alone appeals. The evidence taken upon the

trial was conflicting, the plaintiffs saying that they charged the firm of McNamara Bros., billed their goods to that firm, and receipted bills in the same way, without objection or remonstrance. It is in evidence that a wagon which called for goods for the Third avenue store bore the sign "McNamara Bros.," and that there was a sign upon the glass window in the store front. There was another store at 741 Second avenue, and both of the defendants had had dealings with the plaintiffs, and all receipts for payments made by both of the defendants were given in the name of McNamara Bros. The defendants testified that there was no co-partnership between them. The charge of the trial judge was as follows: "Were the defendants co-partners? If they were, that settles it. If they were not co-partners, yet if the defendant Matthew McNamara held himself out or permitted himself to be held out as a partner of Patrick McNamara, and plaintiff relied upon such holding out, in that event he would be liable for the debt." This was eminently fair to both parties and both defendants. The question was a disputed question of fact, and it was clearly one for the jury to determine, and a court on appeal will not disturb such a finding unless when passion, prejudice, or other improper motive is apparent. The jury may judge of the amount of credibility to be given to a witness from his appearance upon the stand and his manner of testifying, as well as from any other circumstance, and we may not look into the motives which, in the minds of the jury, were sufficient to establish the fact that there was enough to warrant them in reaching a conclusion upon the disputed questions which were their right to determine. The court before whom the case was tried had also the better opportunity of the weight to be given to the evidence adduced, and refused to dismiss the complaint or set aside the verdict.

The determination in the plaintiffs' favor we are not disposed to disturb, and the judgment and order appealed from must be affirmed, with costs.

O'DWYER, J., concurs.

---

(25 Misc. Rep. 320.)

### QUON KEE v. HIP SING TONG SOC.

(City Court of New York, General Term. November 18, 1898.)

LIENS ON CHATTELS—FORECLOSURE—WARRANT OF SEIZURE—DISCHARGE.
  Code Civ. Proc. § 1738, relating to foreclosure of liens on chattels, provides that, if plaintiff is not in possession, a warrant may be issued to the sheriff to seize the chattel, and keep it to abide final judgment, and makes the provisions of the Code relative to attachment applicable. Section 687, relating to attachment, provides that defendant may at any time after he has appeared, and before final judgment, apply for an order to discharge the attachment. *Held*, that defendant in such a foreclosure is entitled to an order discharging the warrant, on giving an undertaking.

Appeal from special term.

Action by Quon Kee against the Hip Sing Tong Society. The special term made an order fixing the amount of an undertaking to be